RONALD FLETCHER, PLAINTIFF, v.
CITY OF NEWARK, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided July 9, 1976.

*Mr. John M. Blume* for plaintiff (*Messrs. Blume, Kalb* and *Weiseman,* attorneys).

*Mr. Matthew J. Scola* for defendant (*Mr. Milton A. Buck,* Corporation Counsel, attorney).

O'NEIL, J. C. C., Temporarily Assigned. Plaintiff, a Newark policeman, was suspended from the force in April, 1972, after being indicted for misfeasance, and during the suspension his salary, totaling $23,329.85, was not paid by the city. In March, 1974 he was tried and acquitted by a jury and reinstated by defendant. Purporting to rely on *N. J. S. A.* 40A:14–151, he made claim upon the city for the full amount of salary withheld. His affidavit, submitted in support of the claim, showed that during the period of suspension he had earned $5,906.45 in other employment and had become obliged to pay a counsel fee of $5,000 for his defense. On the supposed authority of *Mason v. Civil Service Comm'n,* 51 *N. J.* 115 (1968), defendant deducted the outside earnings from the withheld salary, paid the plaintiff $17,423.40 and refused to pay him the balance of $5,906.45. This suit seeks to recover that balance.

After the city answered with a general denial, plaintiff moved for summary judgment in his favor and that motion is before the court for decision. No facts are in dispute, and all that is required is a determination whether plaintiff is entitled to judgment as a matter of law. *R.* 4:46–2.

The complaint alleged an entitlement, by reason of *R. S.* 40A:14–151, to all of the money he would have earned during the suspension. A one-page memorandum annexed to the motion for summary judgment stated that this section of the statutes "is dispositive of this action and represents all of the law on the subject in the State of New Jersey."

Subsequently, plaintiff moved for leave and filed an amended complaint, the only change being the citation of *N. J. S. A.* 40A:14–149.1 and 149.2 instead of § 151. This action was probably prompted by the city's affidavit and statement in lieu of brief filed in opposition to the motion for summary judgment. The affidavit of Veda Simon, described as an employee of the business office of the Newark Police Department, asserted that the deduction of $5,906.45 was made "by the Police Department * * * in accordance with the decision in *Mason v. Civil Service Commission * * *"* The statement in lieu of brief contends that in *Mason* the Supreme Court held that "a municipality could mitigate back wages for police officers by setting off against said back wages the sums of any monies earned by him while on suspension." This result is characterized as an interpretation of *N. J. S. A.* 40:46–34, the admitted predecessor of *N. J. S. A.* 40A:14–151.

After argument on the motion for summary judgment plaintiff filed a further brief emphasizing the new reliance on *N. J. S. A.* 40A:14–149.1 and 149.2, and arguing that these sections indicate a conscious legislative intent to change the result of 40A:14–151 as construed in *Mason*. The city has not filed any further memorandum, although on argument of the motion decision was reserved to allow both sides an opportunity to do so.

*Mason* dealt with the dismissal of two municipal patrolmen for misconduct of which they had been found guilty in departmental hearings. On their appeal the Civil Service Commission reviewed the matter *de novo,* found the officers innocent of the charges, reversed the dismissals and restored them to duty. The municipal statute governing this situation, then *N. J. S. A.* 40:46–34, provided that when such a dismissal was judicially declared illegal, the officer would be entitled, upon prompt application therefor, to recover "the salary of his office * * * for the period covered by the illegal dismissal * * *" The Commission had allowed recovery of the unpaid salary, less the amount of earnings in

outside employment during the time of separation from the job. A modest amount was added for counsel expense. The court basically affirmed the Commission's action, except that it remanded for a hearing to determine the actual amount of legal expense incurred by the officers.

The court explicitly held, however, that the result it reached was dictated not by *N. J. S. A.* 40:46–34 but by the laws governing the Civil Service Commission, specifically, *N. J. S. A.* 11:15–6. *Mason v. Civil Servce Comm'n, supra,* 51 *N. J.* at 126. Beyond that, the court stated:

The power possessed by the Commission under the second paragraph of *R. S.* 11:15–6 to award back pay less what was earned in outside employment during the period of illegal dismissal also serves as authority for increasing the net salary award by any sum that will reasonably compensate the vindicated employee for expenses necessarily related to and incurred in the advancement of his cause. [at 129]

After directing the Commission to take evidence on such expenses, it added:

In determining the amount of credit to be allowed the municipality against each appellant by reason of his outside earnings, there may be deducted from such earnings the expenses he reasonably incurred in recovering his job and back pay. By such net credit the employee is not unjustly deprived of anything nor, on the other hand, unjustly enriched. [at 130]

The *Mason* decision did not hold that the city itself had any authority to reduce the withheld salary by the amount of outside earnings. Since the decision, however, the Legislature has twice treated such situations in amendments of the municipal statutes. *L.* 1971, *c.* 200 (*N. J. S. A.* 40A:9–175) repealed *N. J. S. A.* 40:46–34, whose basic provisions were continued by *L.* 1971, *c.* 197, § 1 (*N. J. S. A.* 40A:14–151), both effective July 1, 1971.

Two years later more specific guidelines were laid down for municipal decisions on suspension as well as on payment of police officers who might encounter either departmental

charges or criminal indictments. *L.* 1973, *c.* 270, § 1 (*N. J. S. A.* 40A:14–149.1) provides that when a police officer is charged with an offense under either federal or state law he "may be suspended from performing his duties, with pay" until the matter is disposed of, but that if the officer is indicted by a grand jury or is otherwise charged with an offense which is a high misdemeanor or which involves moral turpitude or dishonesty, he "may be suspended from his duties, without pay." Section 2 of that chapter (*N. J. S. A.* 40A:14–149.2) then provides that if the suspended officer is found not guilty at trial, as was the case here, he "shall be reinstated to his position and shall be entitled to recover all pay withheld during the period of suspension subject to any disciplinary proceedings or administrative action."

Although this enactment was not on the books when plaintiff was suspended, it was there when he was acquitted and reinstated, and no reason appears why it should not govern the present case. In passing it may be noted that suspensions are expressly permitted in such cases, pending the outcome of proceedings, and hence it seems inappropriate later to characterize the suspension as "illegal," and indeed, *N. J. S. A.* 40A:14–149.2 does not purport to do so. Such a determination is thus no longer required in cases such as this, although *N. J. S. A.* 40A:14–151 remains to govern cases where there was an improper suspension.

In light of these amendments plaintiff now argues that it was *N. J. S. A.* 40:46–34 which had been construed in *Mason* as authorizing the mitigation of a municipality's damages on reinstatement, by a deduction from the withheld salary of the outside earnings during the suspension. He asserts that the 1971 enactment of *N. J. S. A.* 40A:14–151, using practically the same language as in the predecessor statute when referring to the back pay, was a deliberate agreement with the construction of the *Mason* case, but that in *N. J. S. A.* 40A:14–149.2 the Legislature mandated a different result by a direction that the acquitted officer recover "all pay withheld" during the suspension. This dif-

ference in language, it is said, necessarily demonstrates a different legislative intent in § 149.2 than in § 151, and supposedly prevents any deduction being made in the back pay which § 149.2 refers to.

There are several flaws in that argument. First, as seen above, the result in *Mason* was dictated not by *N. J. S. A.* 40:46–34 but by the Civil Service statute, *N. J. S. A.* 11:15–6. The Civil Service Commission was held to have a broad and reasonable authority to change on appeal the disposition initially made by the municipal employing agency. The case did not hold that the city itself had the authority to require a deduction of the outside earnings from the unpaid salary. Indeed, it said nothing at all about the city's powers in the premises, neither asserting nor denying a right in the municipality to require mitigation of the damages.

More importantly, however, plaintiff's proposed legislative construction is not persuasive. To suggest that the 1971 legislative use of "his salary" in *N. J. S. A.* 40A:14–151 and the 1973 choice of "all pay" in *N. J. S. A.* 40A:14–149.2 are clear indications of a different intent in the respective sections is to read into both enactments subtleties which there is no reason to suspect were meant to be there. One is hard put to find a difference in meaning between the phrase "his salary from the date of such suspension" and "all pay withheld during the period of suspension." If it had really been meant to forbid a deduction from the latter amount, it would have been a simple matter to have added a phrase such as "without deduction" or "without mitigation." The mild difference in language used in these two different legislative years does not really suggest any such distinction in meaning as plaintiff contends for. His argument is purely subjective speculation on legislative intent that gains no support from the statutory language.

Most amazingly, however, plaintiff does not cite the whole 1973 statute and chooses to overlook the qualifying language which makes the officer's right to recover "subject to any

disciplinary proceedings or administrative action." Hence, it would appear that if the Legislature really had *Mason* in mind, it is more likely that it intended to extend to the municipality itself the flexibility which *Mason* found residing in the Civil Service Commission. Thus if the municipality once lacked authority to make such an adjustment, the 1973 legislation appears to have supplied it, and it should be exercised within the substantive rationale of the *Mason* case. The right of the restored police officer to receive the withheld salary is conditioned by the phrase, "subject to any disciplinary proceedings or administrative action." It would seem that in a proper case appropriate action of either sort thus could be taken initially by the employing municipality; subject to review on appeal by the Civil Service Commission.

■ It is well established that a public employee's acquittal after trial of an indictment does not prevent disciplinary charges being leveled and prosecuted against him for the same conduct. *In re Darcy,* 114 *N. J. Super.* 454 (App. Div. 1971), *Sabia v. Elizabeth,* 132 *N. J. Super.* 6, 12 (App. Div. 1974). Hence, back pay otherwise due under the statute could be reduced as a result of later formal disciplinary proceedings. Likewise, "administrative proceedings," other than "disciplinary," could be necessary in some cases to resolve disputes over either the amount of the back pay, the outside earnings or the amount of any necessary legal or other expenses related to the officer's defense and efforts at reinstatement. In some cases (as apparently here) there may be no dispute over the facts of the earnings or expenses, and no disciplinary or administrative proceedings would be required. In any event, the decision to deduct all or any portion of the outside earnings from the back pay should be made consistently with the philosophy expounded in the *Mason* opinion.

■ The term "administrative action" should not be taken to mean a routine or arbitrary advance determination to deduct all outside earnings without any consideration of ex-

penses incurred by the restored employee. In the present case there is no indication in any of the moving papers that the city disputed or sought to dispute the amount of back pay or the amount or necessity of the counsel fee, and it is clear from the language of the Supreme Court in *Mason* that both of these elements should be taken into account when any determination is made. Defendant's affidavit submitted on this motion treats the *Mason* decision as an inflexible requirement to deduct the whole outside earnings. The city may not reasonably rely on *Mason* as authority to deduct outside earnings from the back pay and then ignore its direction to moderate the deduction in any amount reasonably necessary to cover legal expenses.

As far as the 1973 statute is concerned, the city has not taken any disciplinary action, and it has not made any meaningful administrative determination which, under *N. J. S. A.* 40A:14–149.2, would permit it to do anything other than pay the restored officer the full amount of the salary which was withheld during the period of suspension.

The proper construction of that statute would seem to be that "all pay withheld during the period of suspension" should be reimbursed to the officer, unless there are formal disciplinary or administrative proceedings in which, based upon appropriate evidence or established fact, it is found necessary or proper in order to meet the objectives of the *Mason* decision to deduct all or a portion of the outside earnings.

A court could order the matter remanded to the city, to consider and make appropriate findings and an administrative determination based thereon, but to do so would entail additional proceedings with further legal expense on both sides to settle facts which appear not to be in dispute in the first place. At the time of the city's determination of the amount to which the defendant was entitled, he had already incurred legal expenses of $5,000. Since then he has been required to finance the present litigation. The amount of outside earnings can do little more than meet

the plaintiff's total expenses related to this matter. Further proceedings would simply insure that the plaintiff would be a net loser, if he has not already become one.

The foregoing considerations also dictate that the fourth separate defense in the city's answer, viz., that plaintiff had failed to exhaust his administrative remedies before the New Jersey Civil Service Commission, is without merit. Administrative review either within the city government or on appeal therefrom to the Civil Service Commission is important only in matters where administrative expertise is relevant in unravelling a fact or atmospheric situation, which is not purely one of law, and there is no such issue present in this case. The doctrine of exhaustion is expressly pointed to by the court rules in actions in lieu of prerogative writs (*R.* 4:69–5), but it is not limited to prerogative writ cases. The principles requiring the denial of court attention until administrative agencies have dealt with the problem are, however, well laid out in the cases interpreting the last cited rule. *Matawan v. Monmouth Cty. Tax Bd.,* 51 *N. J.* 291 (1968), *Roadway Express, Inc. v. Kingsley,* 37 *N. J.* 136 (1962); *Nolan v. Fitzpatrick,* 9 *N. J.* 477 (1952). As noted by the Supreme Court in *Roadway Express,* the court should be concerned in deciding such an issue "with underlying considerations such as the relative delay and expense, the necessity for taking evidence and making factual determinations thereon, the nature of the agency and the extent of judgment, discretion and expertise involved * * *." 37 *N. J.* at 141.

Consideration of these factors leads to the conclusion that there is only a legal question to be decided and no administrative expertise or further fact-finding is required. It is not strictly an action in lieu of prerogative writs but a simple suit to recover money asserted to be due under the statutes referred to above. Similarly, the city's first and second separate defenses, referring to the New Jersey Tort Claims Act, *N. J. S. A.* 59:1–1 *et seq.,* are also without merit.

Accordingly, it is held that by not taking either disciplinary or appropriate administrative action the city has failed to justify any reduction of the amount of withheld salary to be paid to the plaintiff, and he is therefore entitled to judgment for the withheld balance of $5,906.45.